**FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
VINCENT CAMPANELLO,             :
                                        :
         Plaintiff,          :
                                          :         Civil Action No. 07-4929 (JAG)
               v.             :
                                          :           **OPINION**
PORT AUTHORITY OF NEW YORK &  :
NEW JERSEY, JOSEPH STITZ, JR.,   :
JUAN GARCIA, CAROLINE S. HAYNES, :
GEORGE BROADBEND,           :
PAUL CRIST, et al.,              :
                                          :
         Defendant.       :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on a motion to dismiss for failure to state a claim, by Defendants, Port Authority of New York and New Jersey ("Port Authority"); Joseph Stitz, Jr., ("Stitz"); Juan Garcia ("Garcia"); and Paul Crist ("Crist") (collectively "Defendants"), against Plaintiff, Vincent Campanello ("Plaintiff" or "Campanello"), pursuant to FED. R. CIV. P. 12(b)(6), FED. R. CIV. P. 12(c), and L. CIV. R. 7.1. For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

## I.    BACKGROUND

On or about January 1998, Plaintiff Vincent Campanello was hired by General Research, a division of Artenyro, Inc., a staffing company located in Teaneck, New Jersey. (Plaintiff's Complaint, ("Compl.") Count I, ¶1.) Campanello was placed at the Port Authority, as a contract employee in the Maintenance Engineering Design Division. (Id., ¶¶ 2, 3.) Plaintiff was assigned

to the Tunnels Bridges and Terminals Division, and worked under the supervision of Defendant Paul Crist.  (Id., ¶ 4.)  In connection with his duties, Plaintiff was given an office, a computer, access to support personnel, equipment, and other supplies.  (Id., ¶ 6.)  In order to complete his duties, Campanello alleges that he requested and received authorization, from Defendant George Broadbent[1], to obtain a laptop computer for his use outside of his office.  (Id., ¶ 7.)

Following the tragic events of September 11, 2001 at the World Trade Center, in New York City, New York, Campanello was asked to accompany and to assist various Port Authority personnel, dignitaries, government officials, and other parties to the World Trade Center site. (Id., ¶ 8.)  In order to ensure the safety of those visitors, Plaintiff retrieved hard hats, vests, flashlights, goggles, gas masks, and other emergency gear from the Port Authority property room. (Id., ¶¶ 9, 11.)  Plaintiff obtained these items by filling out a request voucher.  (Id., ¶ 11.) Plaintiff alleges that, occasionally, when he attempted to return certain items to the property room, he was advised that he did not have to return the items, and could dispose of them, as he saw fit.  (Id., ¶ 12.)  Campanello further alleges that, after being repeatedly told not to return items to the property room, he discontinued his routine of returning any items.  (Id., ¶ 13.) Instead, Campanello kept the items in his car or at his home.  (Id., ¶ 14.)

On or about January 18, 2005, Campanello was interviewed about missing property room items by Defendants Joseph Stitz and Juan Garcia, detectives with the Port Authority Police Department.  (Id., ¶ 15.)  After the interview, on January 18, 2005, Stitz and Garcia, acting on behalf of the Port Authority, charged Plaintiff with receipt of stolen property, in Brick Township,

---

[1]Plaintiff's Complaint improperly names Defendant Broadbent as "Broadbend." Heretofore, his Court shall refer to Mr. Broadbent with his proper surname.

Ocean County, New Jersey, in violation of N. J. Stat. Ann. § 2C:20-7(a).  (Id., ¶ 17.)[2]  Plaintiff

was also charged, on that same date, with theft, in Jersey City, Hudson County, New Jersey, and

with theft of movable property in Newark, Essex County, New Jersey, both in violation of N.J.

Stat. Ann. § 2C:20-3(a).  (Id., ¶¶ 18,19.)  In connection with these charges, Campanello was

arrested, fingerprinted, handcuffed, photographed, and temporarily detained.  (Id., ¶ 20.)  Plaintiff

alleges that the charges against him were filed without probable cause.  (Id., ¶ 21.)

Campanello alleges that following his arrest, on June 20, 2005, the Newark Municipal

Court dismissed the charges against him, based on the Essex County Prosecutor's failure to

provide discovery.  (Id., ¶¶ 23, 24.)  Similarly, on October 20, 2005, the Brick Township

Municipal Court dismissed the charges against Campanello, following the Ocean County

Prosecutor's failure to provide discovery in the matter.  (Id., ¶¶ 29, 30.)  The Jersey City

Municipal Prosecutor voluntarily dismissed all remaining charges against Plaintiff on February 1,

2007.  (Id., ¶ 34.)

Plaintiff filed his Complaint with the Superior Court of New Jersey, Law Division, Essex

County, on August 23, 2007.  Defendants filed a Notice of Removal with this Court on October

11, 2007.  Jurisdiction is proper with this Court under 28 U.S.C. § 1441, as issues in the instant

action arise under federal law.  Jurisdiction is also proper, pursuant to this Court's diversity

jurisdiction under  28 U.S.C. 1332(a).  Plaintiff's and Defendants' citizenship is diverse, and the

amount in controversy exceeds $75,000.00.

---

[2]Although Plaintiff's Complaint lists January 15, 2008, as the charge date, this Court
assumes Plaintiff means January 18, 2005, as that date reflects accurately, Campanello's arrest
date.

3

## II.   STANDARD OF REVIEW

A motion for judgment on the pleadings, pursuant to FED. R. CIV . P. 12(c), may be filed

after the defendant has filed an answer to the complaint.  Mele v. Fed. Reserve Bank of N.Y.,

359 F.3d 251, 253 n.1 (3d Cir. 2004).[3]  The standard for a motion for judgment on the pleadings

under FED. R. CIV. P. 12(c), is the same as that for a motion to dismiss under FED. R. CIV. P.

12(b).  See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) ("There is no material difference in

the applicable legal standards.").

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to

articulate "enough facts to state a claim to relief that is plausible on its face."  Twombly, 127 S.

Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000)

(stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a

claim).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 127 S.

Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do."  Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P.

8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level

---

[3]Defendants have also moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants answered the Complaint.  Thus, the Complaint is properly challenged pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Nonetheless, the standard of review under either Rule is the same.

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).

5

### III.    DISCUSSION

Plaintiff's Complaint sets forth eight causes of action.  Count I of the Complaint alleges malicious prosecution by the Port Authority, Stitz, and Garcia.  Count II alleges tortious interference with a contract by Port Authority.  Count III alleges tortious interference with prospective economic advantage by the Port Authority.  The Complaint further alleges, in Count IV, that the Port Authority, Stitz, Garcia, and unknown persons, John Does 1-5 and Jane Does 1-5, engaged in slander per se as against Plaintiff.  Count V imputes negligence to all Defendants. Count VI imputes negligence to other unknown persons.  Count VII alleges intentional infliction of emotional distress by Haynes, Broadbent, Crist, and other unknown persons.  Similarly, Count VIII alleges negligent infliction of emotional distress by Haynes, Broadbent, Crist, and other unknown persons.

### A.    Plaintiff's Claims against Defendants Haynes, Broadbent, and Crist

In Counts V, VII, and VIII of his Complaint, Plaintiff states causes of action against individual Defendants Haynes,[4] Broadbent, and Crist.[5]  Count V alleges negligence.  Count VII alleges intentional infliction of emotional distress.  Count VIII alleges negligent infliction of emotional distress.  All three causes of action are subject to a two year statute of limitations.  N.J. Stat. Ann. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after

---

[4]Plaintiff alleges nothing about his employment relationship or interactions with Haynes, except that she is a senior administrator with the Port Authority.  (Compl., Count V, ¶ 1.)

[5]Plaintiff also demands judgment against Defendants, Port Authority, Stitz, Garcia, and John Does 1-5 and Jane Does 1-5 in Count V; and against John Does 1-5 and Jane Does 1-5 in Counts VII and VIII.  Those causes of action against the remaining defendants are addressed below.

the cause of any such action shall have accrued.[6]"); <u>Lopez</u>, 300 A.2d at 565 (noting that

negligence actions must be brought within two years of the accrual of the action); <u>see</u> <u>Hardwicke</u>

<u>v. American Boychoir School</u>, 902 A.2d 900, 909 (N.J. 2006) (noting that claims for intentional

infliction of emotional distress are subject to a two year statute of limitations).

    Campanello was arrested on January 18, 2005, and terminated the same day.  He did not

file his Complaint until August 23, 2007, more than two years after his cause of action accrued.[7]

<u>Burd v. New Jersey Tel. Co.</u>, 386 A.2d 1310, 1314 (N.J. 1978) (holding that negligence actions

---

[6]"Ordinarily, the statute of limitations for an action begins to run when all the elements of the cause of action are present or, more plainly, 'from the moment of the wrong.' " <u>Amland Properties Corp. v. Aluminum Co. of Am.</u>, 808 F. Supp. 1187, 1190 (D.N.J. 1992) (quoting <u>Lopez v. Swyer</u>, 300 A.2d 563, 567 (N.J. 1973)).

[7]Plaintiff does not dispute that his Complaint was filed more than two years after his arrest.  Nonetheless, Campanello urges this Court to apply the so-called "discovery rule" to the instant action, and extend the statute of limitations.  In support of his argument, Plaintiff claims ignorance of his possible claims and the actors involved, notwithstanding his due diligence in seeking out such information after his arrest on January 18, 2005.  (<u>See generally</u>, Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, ("Pl. Opp. Br."), p. 7-11.)

The "discovery rule" is called into play "when a party is either unaware that he has sustained an injury or, although aware that he has sustained an injury or, although aware that an injury has occurred, he does not know that it is, or may be, attributable to the fault of another." <u>Tevis v. Tevis</u>, 400 A.2d 1189, 1195 (N.J. 1979).  The discovery rule provides that, "in an appropriate case, a cause of action will not accrue until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause of action."  <u>O'Keefe v. Snyder</u>, 416 A.2d 862, 869 (N.J. 1980).  In New Jersey, the rule has evolved to extend statutes of limitations in such cases–most commonly, the medical malpractice arena.  <u>See</u>, <u>e.g.</u>, <u>Fox v. Passaic Gen. Hosp.</u>, 363 A.2d 341 (N.J. 1976) (holding that a plaintiff who discovers the existence of a medical malpractice cause of action prior to the expiration of a period of two years after defendant's actionable conduct has a full two years after such discovery to bring the action); <u>Fernandi v. Strully</u>, 173 A.2d 277 (N.J. 1961) (same).  While the discovery rule has been extended to other causes of action, the instant case does not warrant such an extension.  Plaintiff suffered no hidden injury to warrant the application of the discovery rule.  Rather, Plaintiff's cause of action accrued on his date of arrest, January 18, 2005, because he became aware of the alleged injury on that date.

accrue on the date a plaintiff knew or had reason to know of his injuries); <u>Deary v. Three Un-named Police Officers</u>, 955 F.2d 185, 193-94 (3d Cir. 1984) (holding that claims for intentional infliction of emotional distress accrue on the date of arrest)    Plaintiff's causes of action against Defendants Haynes, Broadbent, and Crist, set forth in Counts V, VII, and VIII of the Complaint are time-barred and must be dismissed.[8]

**B.      Plaintiff's Claims Against the Port Authority of New York and New Jersey**

      Plaintiff's claims against the Port Authority are set forth in Counts I, II, III, IV, and V of the Complaint.  Count I alleges malicious prosecution, stemming from the charges filed against Plaintiff for receipt of stolen property, theft, and theft of moveable property.[9]  The Second Count alleges tortious interference with Plaintiff's existing contractual relationship with his employer, General Services.  Count III alleges that Port Authority's termination of Plaintiff's employment constitutes tortious interference with Plaintiff's prospective economic advantage.  The Fourth Count alleges slander.  Finally, Count V alleges negligence.

      Port Authority moves to dismiss all claims against it on the grounds that Plaintiff failed to

---

[8] Defendants Broadbent and Haynes have not answered or in any other way acknowledged this action against them.  Nonetheless, it is well established that, even if a party does not make a formal motion to dismiss, a court may, *sua sponte*, dismiss the complaint where the inadequacy of the complaint is clear.  <u>See</u>, e.g., <u>Bryson v. Brand Insulations, Inc.</u>, 621 F.2d 556, 559 (3d Cir. 1980); <u>Atlantic Coast Demolition & Recycling, Inc. v. Board of Chosen Freeholders of Atl. County</u>, 893 F. Supp. 301, 316 (D.N.J. 1995); <u>Wheeler v. Nieves</u>, 762 F. Supp. 617, 627 (D.N.J. 1991); <u>Pittman v. LaFontaine</u>, 756 F. Supp. 834, 847 (D.N.J. 1991).  This Court's ruling regarding the accrual of plaintiff's causes of action applies equally to the non-moving defendants, Broadbent and Haynes, and plaintiff's Complaint is also properly dismissed as to these defendants.

      Similarly, Plaintiff's allegations of negligence against unknown Defendants, John Does 1-5 and Jane Does 1-5, set forth in Counts V and VI of the Complaint, are similarly time-barred, as the claims allege no new facts apart from those set forth against the named Defendants.

      [9]Campanello's malicious prosecution claim is addressed separately, at length, below.

comply with the requirements of N.J. Stat. Ann. § 32:1-163. Specifically, Plaintiff filed his claim on August 23, 2007, over two years after the cause of action accrued.

Any tort action premised on state law and brought pursuant to Section 32:1-163, must "be commenced within one year after the cause of action therefore shall have accrued."[10] Matthews v. Port of N.Y. Auth., 163 N. J. Super. 83, 85 (Law Div. 1978), aff'd, 171 N.J. Super. 38 (App. Div. 1979) (quoting N.J. Stat. Ann. § 32:1-163). "Unlike a statute of limitations, the requirements are jurisdictional." Id.

In the instant action, Plaintiff's causes of action for tortious intereference with a contract, tortious interference with prospective economic advantage, slander per se, and negligence, are all tort actions, and each accrued on the date of his termination, January 18, 2005. Thus, Campanello's aforementioned claims against the Port Authority fail to conform to Section 32:1-163's jurisdictional requirements, because each was filed more than one year after Plaintiff's cause of action accrued. Therefore, these claims are dismissed as against the Port Authority.

## C.   Plaintiff's Claims Against Detectives Stitz and Garcia

Plaintiff's claims against defendants, Detectives Stitz and Garcia are set forth in Counts I, IV, and V. Count I of the Complaint alleges malicious prosecution.[11] Count IV alleges slander

---

[10]The Port Authority is a bi-state agency created by a compact between New Jersey and New York with the approval of Congress. Port Authority of New York v. Ingram, 232 N.J. Super. 401, 404 (App. Div. 1989). Prior to 1950, "Port Authority, as an agency of the states of New York and New Jersey, enjoyed complete sovereign immunity from suits of any sort in the courts of those states." Brooklyn Bridge Park Coal. v. Port Authority of New York and New Jersey, 951 F. Supp. 383, 387 (E.D.N.Y. 1997); Port Authority of New York v. Weehawken Tp., 27 N.J. Super. 328, 333 (Ch. Div. 1953), rev'd on other grounds, 103 A.2d 603 (N.J. 1954). In 1950, however, both states enacted legislation waiving the Port Authority's sovereign immunity, and granting consent to suits against the agency. N.J. Stat. Ann. 32:1-157; N.Y. Unconsol. Laws § 6688 et seq.; see Ingram, 232 N.J. Super. at 404.

[11]Plaintiff's malicious prosecution claim is discussed below.

per se.  Count V alleges negligence.  Under New Jersey law, an action for slander per se must "be commenced within [one] year next after the publication of the alleged libel or slander."  N.J. Stat. Ann. §2A:14-3.  As previously noted, negligence claims must have been brought within two years of Plaintiff's arrest.  Plaintiff filed his Complaint more than two years after his arrest on January 18, 2005.  As a result, Counts IV and V, as to Stitz and Garcia, are time-barred and must be dismissed.

## D.    Malicious Prosecution

Count I of Plaintiff's Complaint alleges malicious prosecution by the Port Authority, and Detectives Stitz[12] and Garcia, in connection with Plaintiff's arrest and the three subsequent criminal actions against him.

"A malicious prosecution action arising out of a criminal prosecution requires proof: (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff."  Lind v. Schmid, 337 A.2d 365, 368 (N.J. 1975).  In the instant action, Defendants contend that Plaintiff fails to establish both favorable termination and the absence of probable cause, in support of his claim.  This Court disagrees.

Favorable termination of the prior prosecution is "elemental to the cause of action." Rubin v. Nowack, 248 N.J. Super. 80, 82 (App. Div. 1991).  Whether a proceeding has been

---

[12]As a preliminary matter, Defendants contend that any malicious claims should be dismissed against Stitz, as he was neither the arresting officer, nor responsible for signing any criminal complaints against Campanello.  (See Def. Moving Br., p. 17.)  Defendants' own exhibits, however, belie that argument.  In a document entitled, "POLICE CRIMINAL COMPLAINT FOLLOW UP REPORT," dated January 1, 2005, Stitz's signature appears in the section designated for the arresting officer, and the report details his involvement in arresting Campanello.  (See Certification of George Cook, Ex. E.)  At this juncture, this Court is unwilling to grant Defendants' motion to dismiss Count I.

10

terminated favorably to a plaintiff depends "on whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged." Id. at 83.  In the instant action, the Jersey City Municipal Prosecutor voluntarily dismissed the charges pending against plaintiff.[13]  For nearly a century, New Jersey has considered a *nolle prosequi*[14] by the prosecutor to be a favorable termination, sufficient to maintain a malicious prosecution claim. Id. (citing MacLaughlin v. Lehigh Valley R.R. Co.,108 A. 309 (N.J. 1919)).  Plaintiff has made a sufficient showing that the criminal proceedings against him in the New Jersey Municipal Court terminated in his favor.

Defendants also assert that Plaintiff fails to establish the third element of his malicious prosecution claim–the absence of probable cause.  "Probable cause means facts and circumstances that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 363 (3d Cir. 2003) (internal quotations and citations omitted).

---

[13]The only criminal proceeding with which this Court is concerned is the February 1, 2007 Jersey City Municipal Court proceeding.

The malicious prosecution claims against the Port Authority relating to charges dismissed by the Newark Municipal Court on June 20, 2005, and by the Brick Township Municipal Court on October 20, 2005, are time-barred, pursuant to N.J. Stat. Ann. 32:1-163, as detailed, supra Section III(B).  The same malicious prosecution claims against Defendants Stitz and Garcia, although subject to a six-year statute of limitations, pursuant to N.J. Stat. Ann. § 2A:14-2,  must also be dismissed, as plaintiff is unable to establish a necessary element of his claim–that the proceedings were terminated in his favor. See Rubin v. Nowack, 248 N.J. Super. 80, 82 (App. Div.1991) ("The inquiry thus focuses on whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged."); see also Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000).

[14] *Nolle prosequi* is defined as, "a legal notice that a lawsuit or prosecution has been abandoned."   Black's Law Dictionary 1074 (8th ed. 2004).

The question of probable cause in civil claims for false arrest and malicious prosecution is generally a question of fact.  See Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998).  At this early juncture, considering Defendants' 12(c) motion to dismiss, this Court cannot accept automatically Defendants' version of the facts surrounding Plaintiff's arrest.  There has been little discovery as to this issue.  The only pieces of evidence before this Court are Plaintiff's voluntary statement, the relevant criminal complaints, a copy of the list of items retrieved from plaintiff's residence, and certifications from Detectives Stitz and Garcia, named defendants in this action.  Defendants submitted all of these items.  Campanello has not been given the opportunity to put forth evidence in support of his burden of proving that no probable cause existed at the time of his arrest.  This Court will not deprive Plaintiff of such an opportunity at present.[15]  Plaintiff's allegation that Defendants lacked probable cause to file the underlying

---

[15]Defendants suggest that this Court may choose to convert its Rule 12(c) motion to dismiss into a Rule 56(c) motion for summary judgment.  Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d).

A district court has discretion to convert a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment under Rule 56.  Kulwicki v. Dawson, 969 F.2d 1454, 1463 n. 11 (3rd Cir. 1991).  However, this Court must first provide notice of its intention to convert the motion and allow an opportunity to submit materials admissible in a summary judgment proceeding or schedule a hearing.  See Castle v. Cohen, 840 F.2d 173, 179-80 (3d Cir. 1988) (vacating summary judgment when the district court converted the Rule 12(b)(6) motion without notice to the parties); Davis Elliott Int'l, Inc. v. Pan American Container Corp., 705 F.2d 705, 706-08 (3d Cir. 1983) (reversing summary judgment when the district court acted without notice to the parties and without an opportunity for hearing); Crown Central Petroleum Corp. v. Waldman, 634 F.2d 127, 129 (3d Cir. 1980) (reversing summary judgment when the district court acted without notice to the parties and without allowing an opportunity to submit affidavits); Bryson v.

criminal charges is sufficient to withstand Defendants' motion.

### III.   CONCLUSION

For the reasons stated above, Defendants' motion is granted in part and denied in part.

Date: December 17, 2008

            S/Joseph A. Greenaway, Jr.           
            JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (same).

Conversion is improper in this case, at present.  Plaintiff disputes Defendants' contentions and has not been given the opportunity to present admissible evidence in support of his position.