**DONALD F. BURKE, ESQ.**
One PATH Plaza
Jersey City, New Jersey 07306
(201) 216-6370
Attorney for Defendants
DETECTIVE JOSEPH STITZ, JR.
and DETECTIVE JUAN GARCIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DOCUMENT ELECTRONICALLY FILED

| | |
|---|---|
| VINCENT CAMPANELLO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, JOSEPH STITZ, JR., JUAN GARCIA, CAROLINE S. HAYNES, GEORGE BROADBEND, PAUL CHRIST, JOHN DOES (#1-5) (fictitious designations) and JANE DOES (#1-5) (fictitious designations),<br><br>　　　　　Defendants. | Civil Action No: 07-4929 (GEB)<br><br><br>Honorable Garrett E. Brown, U.S.D.J.<br><br>Honorable Madeline Cox-Arleo, U.S.M.J. |

**REPLY BRIEF OF DEFENDANTS DETECTIVE
JOSEPH STITZ, JR. and DETECTIVE JUAN GARCIA'S
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

DONALD F. BURKE, ESQ.
One PATH Plaza
Jersey City, New Jersey 07306
(201) 216-6370
Attorney for Defendants
DETECTIVE JOSEPH STITZ, JR.
and DETECTIVE JUAN GARCIA

# **TABLE OF CONTENTS**

**LEGAL ARGUMENT** ........................................................................................................1

**POINT I** ............................................................................................................................1

**PLAINTIFF HAS NOT ESTABLISHED FACTS HIS BURDEN TO SHOW A LACK OF PROBABLE CAUSE** ...............................................................................................3

**POINT II** ...........................................................................................................................4

**PLAINTIFF HAS NOT ESTABLISHED FACTS SUPPORTING HIS BURDEN TO SHOW DEFENDANTS ACTED WITH MALICE** ..................................................................5

**POINT III** .........................................................................................................................4

**PLAINTIFF WAS CHARGED AND RELEASED AND THERFORE SUFFERED NO SEIZURE OR OTHER SUCH FOURTH AMENDMENT VIOLATION** ...............................4

**POINT IV** .........................................................................................................................5

**DEFENDANTS DETECTIVE JOSEPH STITZ, JR. AND DETECTIVE JUAN GARCIA ARE ENTITLED TO QUALIFIED IMMUNITY** .......................................................5

**CONCLUSION** ................................................................................................................6

## TABLE OF AUTHORITIES

**CASES**

Albright v. Oliver, 510 U.S. 266 (1994)............................................................................4

Anderson v. Creighton, 483 U.S. 635 (1987) ....................................................................5

Brunson v. Affinity Federal Credit Union, 199 N.J. 381 (N.J. 2009)................................3

Gallo v. City of Philadelphia, 161 F.3d. 217, 222 (3rd. Cir 1998) ...................................4

Gilles v. Davis, 427 F.3d 197, 205 (3d Cir. 2005)............................................................5

Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 792 (3d Cir.2000) ..............................4

Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).........................2

Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123 (2dCir.1997).....................................2

**STATUTES**

N.J.S.A. 2C:20-3(a)................................................................................................. 1, 2, 5

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF HAS NOT ESTABLISHED FACTS SUPPORTING HIS BURDEN TO SHOW A LACK OF PROBABLE CAUSE

It is undisputed that plaintiff possessed at his home over 500 items of Port Authority property including: 27 flags, 19 goggles, 18 flashlights, 21 police patches, 25 reflective door decals, 18 police collar brass pins, 8 police batons, 20 Port Authority coats, 38 pairs of gloves, 10 Port Authority T-shirts, 10 grey duffel bags with logos, Port Authority Police riot helmets and a laptop computer. Some of these items, plaintiff had at his home for over one year. In light of these undisputed facts, plaintiff's position that a jury must decide whether Detective Stitz and Detective Garcia had probable cause to believe he violated N.J.S.A. 2C:20-3(a), which provides: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof" must be rejected outright. These undisputed fact establish, as a matter of law, probable cause to believe plaintiff "unlawfully [took], or exercise[d] unlawful control over, movable property of another with purpose to deprive him thereof".

Plaintiff argues in his opposition brief "the mere possession of another's property, without more, does not constitute theft and, in fact, does not constitute probable cause to file a charge of theft against an individual." Pb 11. In making this argument, the plaintiff disregards the amount of Port Authority property-over 500 items-that plaintiff possessed and disregards the standard of probable cause.  "Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt. Rather probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense

1

has been or is being committed by the person to be arrested. <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 482-83 (3d Cir. 1995).

Further in opposition, plaintiff claims that "[a]t no time did the defendants ever determine whether or not plaintiff unlawfully appropriated these items." Pb 7. The requisition slips for the property in question, relied upon by plaintiff, show the recipient of the property at issue, except for a battery for a cordless tool, to have been "Pagano" and not Campanello. (<u>See</u> Requisition slips attached as Exhibit E to Certification of Michael A. Casale). Thus, the undisputed facts do not support the contention that Campanello "lawfully appropriated these items" as plaintiff contends. Moreover, the statute charged is in the alternative, stating a "person is guilty of theft if he <u>unlawfully takes,</u> **OR** <u>exercises unlawful control over</u>, movable property of another with purpose to deprive him thereof…" <u>N.J.S.A.</u> 2C:20-3(a) (emphasis added). In this case, the undisputed possession of the property, some for more than a year, at plaintiff's home provides ample facts to establish probable cause.

Plaintiff's contention that there was no procedure for returning property to the Port Authority, therefore, no probable cause he committed theft, must also be rejected. First, this would eliminate the potential for arresting almost anyone in possession of property of another because most people or entities do not have a "procedure in place" for the return of property. With regard to plaintiff's claim he was just holding the property, the court in <u>Ricciuti v. N.Y.C. Transit Authority</u>, 124 F.3d 123 (2dCir.1997) made an apt observation: "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." <u>Id</u>. at 128.Given the undisputed facts that plaintiff was in possession of Port Authority property at his home for over one year, there was ample probable cause to believe plaintiff violated <u>N.J.S.A.</u> 2C:20-3(a) and plaintiff's

malicious prosecution action should be dismissed as a matter of law. Moreover, plaintiff's contention that he had an affirmative defense available to him as to the criminal charge (see Pb 9-10), even if true (which we deny), does not defeat the existence of probable cause. Finally, the Supreme Court in Brunson v. Affinity Federal Credit Union, 199 N.J. 381, 403 (N.J. 2009) foreclosed any cause of action plaintiff may assert based upon an allegation the detectives' were negligent in their investigation. In Brunson, the Court expressly rejected a "new cause of action for negligent investigation as a surrogate for a traditional malicious prosecution claim."

Plaintiff cannot demonstrate any genuine issues of material fact regarding a lack of probable cause for the charge he violated N.J.S.A. 2C:20-3(a) when it is undisputed he had over 500 items of Port Authority property at his home, some for over a year. Accordingly, plaintiff's malicious prosecution action should be dismissed.

### POINT II

**PLAINTIFF HAS NOT ESTABLISHED FACTS SUPPORTING HIS BURDEN TO SHOW DEFENDANTS ACTED WITH MALICE**

Plaintiff claims that malice may be inferred from the lack of probable cause. This ignores the New Jersey Supreme Court pronouncement on the subject in Brunson, supra, at 386: "[A] plaintiff cannot simply point to the absence of probable cause as sufficient proof of the required element of malice." The Court in Brunson stated:

> The rationale for that rule is simple: 'Otherwise free access to the courts by citizens could be readily chilled by the harassment and cost of malicious use of process actions which would have to be sent to the jury.' Ibid. For that reason, "[a] number of courts have interpreted the requirement for a showing of actual malice to include at least some extrinsic evidence of malice, rather than relying only upon inference." Ibid. (citations omitted).

Id. at 396. (citations omitted).

In this case, plaintiff has advanced no extrinsic evidence of malice and the plaintiff's malicious prosecution action must therefore be dismissed.

## POINT III

**PLAINTIFF WAS CHARGED AND RELEASED AND THERFORE SUFFERED NO SEIZURE OR OTHER SUCH FOURTH AMENDMENT VIOLATION**

Plaintiff does not dispute that he was charged and released on his own recognizance. He claims, however, that Gallo v. City of Philadelphia, 161 F.3d. 217, 222 (3rd. Cir 1998) supports his contention that he sustained a constitutional seizure here because he had to attend court sessions to adjudicate his case. In Gallo, however, the facts were supportive of the finding of a seizure. The Court observed:

> In this case, the legal proceeding was the indictment, and Gallo's post-indictment liberty was restricted in the following ways: he had to post a $10,000 bond, he had to attend all court hearings including his trial and arraignment, he was required to contact Pretrial Services on a weekly basis, and he was prohibited from traveling outside New Jersey and Pennsylvania. Although it is a close question, we agree with Gallo that these restrictions amounted to a seizure.

Unlike in Gallo, in the instant case, there were no facts upon which one could reasonably conclude plaintiff suffered a Fourth Amendment seizure. Accepting plaintiff's contention that a simple criminal charge can amount to a Fourth Amendment seizure because the criminal defendant must attend court to defend himself would be to wholly disregard the Supreme Court's holding in Albright v. Oliver, 510 U.S. 266 (1994) and the Third Circuit Court holding in Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 792 (3d Cir.2000) that require more. A plaintiff in a malicious prosecution action brought under Section 1983 must establish something more than just a criminal

charge brought against him or her and here plaintiff's proofs fall well short. Summary judgment in favor of defendants on this ground is appropriate.

**POINT IV**

**DEFENDANTS DETECTIVE JOSEPH STITZ, JR. AND DETECTIVE JUAN GARCIA ARE ENTITLED TO QUALIFIED IMMUNITY**

Detective Stitz and Detective Garcia are "entitled to qualified immunity unless it would have been clear to a reasonable officer there was no probable cause to arrest" Mr. Campanello. Gilles v. Davis, 427 F.3d 197, 205 (3d Cir. 2005). The Supreme Court has recognized that "it is inevitable that law enforcement officers will in some cases reasonably but mistakenly conclude that probable cause to make an arrest is present." Anderson v. Creighton, 483 U.S. 635, 641 (1987).

To determine whether a police officer was objectively reasonable in believing he had probable cause to make an arrest, courts begin with the elements of the crime alleged. Gilles v. Davis, supra. The charge at issue here is N.J.S.A. 2C:20-3. Theft by unlawful taking or disposition, a. Movable property, which states: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof."

The facts discussed above in context of the probable cause provide more than enough proof to establish qualified immunity for Detective Stitz and Detective Garcia and Summary Judgment should be entered in their favor.

## **CONCLUSION**

For each of the foregoing reasons, and for the reasons set forth in the brief previously submitted, defendant Detective Joseph Stitz, Jr. and Detective Juan Garcia respectfully request that the Court grant their motion for Summary Judgment.

Respectfully Submitted,

**DONALD F. BURKE, ESQ.**
**One PATH Plaza**
**Jersey City, New Jersey 07306**
**(201) 216-6370**
**Attorney for Defendants**
**DETECTIVE JOSEPH STITZ, JR. and**
**DETECTIVE JUAN GARCIA**

By: /s/ Donald F. Burke_____
        Donald F. Burke

Dated:  August 23, 2010