NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT CAMPANELLO, | |
| Plaintiff, | |
| v. | Hon. Garrett E. Brown, Jr. |
| | Civil Action No. 07-4929 (GEB) |
| PORT AUTHORITY OF NEW YORK & NEW JERSEY, JOSEPH STITZ, JR., JUAN GARCIA, CAROLINE S. HAYNES, GEORGE BROADBEND, PAUL CRIST, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**BROWN**, **Chief Judge:**

This matter comes before this Court on the motion for summary judgment (Doc. No. 53) filed by Defendants Joseph Stitz, Jr. and Juan Garcia ("Moving Defendants"). For the following reasons, the Court will grant Moving Defendants' motion.

**I. BACKGROUND**

Plaintiff Vincent Campanello was a contract employee for the Port Authority of New York and New Jersey, originally working in the Maintenance Engineering Design Division. Plaintiff was later assigned to the Tunnels Bridge and Terminals Division. In January 2005, Plaintiff's wife, Diana Mazzanna Campanello, reported to Port Authority officials that Plaintiff was in possession of Port Authority property in his home. (Burke Certif., Ex. A at 8:21-24.) Thereafter, Moving Defendants, detectives with the Port Authority Police Department, interviewed Plaintiff regarding the Port Authority property, and Plaintiff admitted to having

1

numerous items belonging to the Port Authority at his home.  (Burke Certif., Ex. B at 3.)  Plaintiff then consented to Moving Defendants' search of his home and garage.  (*Id.*)  During this search, Moving Defendants identified over 500 items of Port Authority property, including:  27 flags, 19 goggles, 18 flashlights, 21 police patches, 25 reflective door decals, 18 police collar brass pins, 8 police batons, 20 Port Authority coats, 38 pairs of gloves, 10 Port Authority T-shirts, and 10 grey duffel bags with logos.  (Defs.' Statement of Undisputed Material Facts ("SUMF") ¶ 9; Pl.'s SUMF ¶ 1.)  A laptop computer belonging to the Port Authority was also found on the premises.  (*Id.*)  The value of the items was estimated at $6,631.23.  (*Id.*)  Plaintiff admitted to removing the items from Port Authority facilities from September 2001 to 2003.  (*Id.*)  When asked if he had authority to take the property from the Port Authority to his home, Plaintiff responded that "I just thought it was for safekeeping because I wasn't selling it."  (Burke Certif., Ex. B at 19.)  When asked about the quantity of Port Authority property that he had in his home, Plaintiff told Moving Defendants:  "I didn't know I had this much quantity.  I'll be honest with you, when you started piling it all up in my living room, I was embarrassed of myself, I actually embarrassed myself."  (*Id.*)

   Plaintiff was subsequently charged with receipt of stolen property in Brick Township, Ocean County, New Jersey, in violation of N.J. Stat. Ann. § 2C:20-7(a), theft in Jersey City, Hudson County, New Jersey, in violation of N.J. Stat. Ann. § 2C:20-3(a), and theft of movable property in Newark, Essex County, New Jersey, both in violation of N.J. Stat. Ann. § 2C:20-3(a).  The charges in Essex County were dismissed in June 2005, and the charges in Ocean County were dismissed in October 2005.  The Hudson County prosecutor downgraded the theft charges to a disorderly persons offense and transferred the matter to Jersey City Municipal Court.  In

2

February 2007, the Jersey City Municipal Prosecutor agreed to a dismissal of the remaining charges against Plaintiff. (Defs.' SUMF ¶ 12; Pl.'s SUMF ¶ 1.)

Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, on August 23, 2007. On October 11, 2007, Defendants removed the matter to the District. This Court has jurisdiction under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a). Plaintiff's and Defendants' citizenship is diverse, and the amount in controversy exceeds $75,000.

On March 17, 2008, Defendants filed a motion to dismiss for failure to state a claim. On December 19, 2008, then District and now Circuit Judge Joseph A. Greenaway, Jr. dismissed all claims asserted by Plaintiff except for the claims of malicious prosecution in connection with the charges that had been dismissed by the Jersey City Municipal Court in February 2007. On December 30, 2008, Plaintiff filed a motion for reconsideration, which Judge Greenaway denied by Order of August 24, 2009.[1] On June 25, 2010, Moving Defendants filed the instant motion for summary judgment.

## II. DISCUSSION

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving

---

[1] By Order of March 15, 2010, this matter was reassigned to the undersigned.

party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

Plaintiff's remaining claims are federal and state-law malicious prosecution claims against Moving Defendants.  Under New Jersey law, "[a] malicious prosecution action arising out of a criminal prosecution requires proof:  (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff."  *Lind v. Schmid*, 67 N.J. 255, 262 (1975).  A federal malicious prosecution claim brought under 42 U.S.C. § 1983 requires proof of those same elements, plus an additional fifth requirement that "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).

There is no dispute that Moving Defendants instituted a criminal action against Plaintiff or that it terminated favorably to Plaintiff.  Moving Defendants, however, contend that Plaintiff has failed to demonstrate a genuine issue of material fact regarding probable cause and malice.  This Court agrees and will therefore grant Moving Defendants' motion for summary judgment.

A.  Probable Cause

Moving Defendants contend that Plaintiff has not established a lack of probable cause.

4

Moving Defendants assert that because the undisputed facts show that Plaintiff was in unauthorized possession of Port Authority property, there was ample probable cause to believe that Plaintiff violated N.J. Stat. Ann. § 2C:20-3(a), which provides that "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof." Furthermore, Defendants refer to Plaintiff's admission that the property was in his home and that he exercised control over it for more than one year to support their argument that probable cause existed.

To establish lack of probable cause in a malicious prosecution action, "[t]he plaintiff must demonstrate that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinarily prudent individual in believing that an offense had been committed." *Lind*, 67 N.J. at 263. The facts must have been "such as to lead a person of ordinary prudence to believe on reasonable grounds the truth of the charge at the time it was made." *Id.* "Where the facts are undisputed, the existence or nonexistence of probable cause is a question of law." *Id.* at 266 (citation omitted); *see also Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788-89 (3d Cir. 2000) ("[A] district court may conclude 'that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding,' and may enter summary judgment accordingly." (citation omitted)).

This Court concludes that Moving Defendants had probable cause to believe that Plaintiff had committed theft because the facts and circumstances known to them were that Plaintiff was in unauthorized possession of certain property belonging to the Port Authority. Moving Defendants were informed by Plaintiff's wife that Plaintiff possessed Port Authority property.

Moving Defendants then interviewed Plaintiff, and Plaintiff admitted to taking the property and storing it in his garage. With Plaintiff's consent, Moving Defendants then conducted a search of Plaintiff's home and garage, and found over 500 items of Port Authority property with a value totaling more than $6,000, which Plaintiff admitted to taking from the Port Authority. This Court concludes that, given those facts, an ordinarily prudent person would believe that an offense had been committed by Plaintiff, and the undisputed evidence, viewed most favorably to Plaintiff, does not reasonably support a contrary finding. Thus, this Court concludes as a matter of law that under these circumstances, Plaintiff has failed to establish a lack of probable cause. The Court will therefore grant summary judgment for Moving Defendants on Plaintiff's malicious prosecution claims.

### B. Malice

Even if this Court were to assume that Moving Defendants lacked probable cause, in order to establish a claim for malicious prosecution, Plaintiff must also demonstrate that Moving Defendants acted with malice. "Malice . . . is defined as the 'intentional doing of a wrongful act without just cause or excuse.'" *LoBiondo v. Schwartz*, 199 N.J. 62, 94 (2009) (citing *Jobes v. Evangelista*, 369 N.J. Super. 384, 398 (App. Div. 2004)). "It requires proof that the act was wrongful in the sense that it would, 'in the ordinary course . . . infringe upon the rights of another' and cause damage to that person's property or trade." *Id.* (quoting *Mayflower Indus. v. Thor Corp.*, 15 N.J. Super. 139, 153 (Ch. Div. 1951)). Where a plaintiff lacks direct proof that a defendant intentionally instituted an action against a plaintiff without just cause or excuse, "malice may be inferred from want of probable cause." *Brunson v. Affinity Federal Credit Union*, 199 N.J. 381, 395 (2009). However, "a plaintiff cannot simply point to the absence of

6

probable cause as sufficient proof of the required element of malice," and "it is not unreasonable to require that plaintiff, on a defendant's motion for summary judgment, produce at least some extrinsic evidence of malice." *Brunson*, 199 N.J. at 396 (citation omitted). Thus, courts have required that "a showing of actual malice . . . include at least some extrinsic evidence of malice, rather than relying only upon inference." *Id.* (citation omitted).

In this case, Plaintiff has presented no evidence indicating that Moving Defendants acted with actual malice by instituting a criminal action against Plaintiff. Plaintiff instead argues that malice should be inferred from Moving Defendants' lack of probable cause. Even if the Court were to assume Moving Defendants' lacked probable cause, Plaintiff has failed to point to any extrinsic evidence of malice in the record to support an inference of malice. Thus, this Court concludes that Plaintiff has failed to establish a genuine issue of material fact regarding actual malice or presented evidence permitting a reasonable inference of malice. This Court will therefore grant summary judgment in favor of Moving Defendants on Plaintiff's malicious prosecution claims.

### III.  CONCLUSION

For the foregoing reasons, this Court will grant Moving Defendants' motion for summary judgment (Doc. No. 53). An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 27, 2010
Newark, New Jersey

                                                  S/Garrett E. Brown, Jr.
                                          Garrett E. Brown, Jr., Chief Judge
                                          United States District Court